# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                        No. CR 09-1745 JB

ANDRES ARVIZU-DORADO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Request for a Downward Adjustment of Criminal History Category, filed October 2, 2009 (Doc. 17).  The Court held a sentencing hearing on October 9, 2009.  The primary issue is whether the Court should grant Defendant Andres Arvizu-Dorado's request for a downward departure based on overrepresentation of his criminal history.  Because the Court does not believe that Arvizu-Dorado's criminal history is substantially overrepresented by the criminal history category to which he has been assigned, the Court will deny his request.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Arvizu-Dorado on August 20, 2009.  In the PSR, the USPO calculated Arvizu-Dorado's offense level to be 9 and his criminal history category to be IV.  An offense level of 9 and a criminal history category of IV yield a guideline imprisonment range of 12 to 18 months.

On October 2, 2009, Arvizu-Dorado submitted a motion asking that the Court grant him a downward departure in his criminal-history category.  He alleged that his criminal history category substantially overrepresented his criminal history and that, if not for a mistake in counting his prior convictions, he would have qualified for a fast-track plea agreement.  Thus, he argues that a sentence

commensurate with an offense level of 9 and a criminal history category of II or III would be more appropriate.  The United States opposes the requested departure, arguing that a criminal history category of IV does not overrepresent Arvizu-Dorado's criminal history.[1]

The Court has considered the facts set forth in the PSR and the counsels' arguments, and, for reasons stated on the record, and for further reasons consistent with those already stated, has concluded that no downward departure is warranted under the facts of this case.  Arvizu-Dorado is a fairly young man, and yet he has already managed to accumulate both felony and misdemeanor convictions, including at least three drinking-and-driving incidents.  His record also includes multiple illegal re-entries.  Arvizu-Dorado's criminal history appears to fall within the heartland of cases of defendants with criminal history categories of IV, and therefore the Court finds that Arvizu-Dorado's criminal history falls squarely within category IV.  The Court will, however, grant the Arvizu-Dorado's oral request for a sentence at the bottom end of the guideline range, and will thus sentence Arvizu-Dorado to 12 months and 1 day in the custody of the Bureau of Prisons.

**IT IS ORDERED** that Defendant's Request for a Downward Adjustment of Criminal History Category is denied.  Defendant Andres Arvizu-Dorado is sentenced to a term of 12 months and 1 day in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Also, to the extent that Arvizu-Dorado's motion also requests a variance, the United States argues that such variance is likewise not warranted under the facts of this case.  From the argument during the hearing, however, it appears that Arvizu-Dorado seeks only a departure and not a variance.

*Counsel*:

Gregory J. Fouratt
  United States Attorney
John C. Anderson
Holland S. Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Phillip P. Medrano
  United States Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*